IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID W. ROBERTS,           )    CASE NO. 1:10CV2619
                               )
         Petitioner,      )
                               )    JUDGE OLIVER
         v.               )
                               )    MAGISTRATE JUDGE VECCHIARELLI
RICH GANSHEIMER, Warden,   )
                               )    **REPORT AND RECOMMENDATION**
         Respondent.    )    Doc. Nos. 10, 12, 22

      This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before the court is the petition of David W. Roberts ("Roberts") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 16, 2010.  Roberts is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Roberts*, Case Nos. CR 480193 & CR 483914 (Cuyahoga County 2006).  Also before the court is the motion of respondent to transfer the petition to the Sixth Circuit court as a second or successive petition. Doc. No. 10. Roberts opposes respondent's motion.  Doc. No. 17.  In addition, before the court is the motion of petitioner, David W. Roberts ("Roberts"), to hold the case in abeyance until he has exhausted his state remedies.  Doc. No. 12.  Respondent opposes Roberts' motion.  Doc. No. 13.  Finally,

before the court is Roberts' motion to expand the record.  Doc. No. 22.  Respondent also opposes this motion.  Doc. No. 23.  For the reasons given below, respondent's motion to transfer the petition should be GRANTED as to claims one, two, and three but DENIED as to claim four; Roberts' motion to hold the case in abeyance should be DENIED; Roberts' motion to expand the record should be DENIED as moot; and the claim remaining in Roberts' petition, claim four, should be DISMISSED as without merit.

I.

The January 2006 term of the Cuyahoga County grand jury indicted Roberts in Case No. CR 480193 on four counts of drug possession, four counts of drug trafficking, and one count of possession of criminal tools.  The May 2006 term of the Cuyahoga County grand jury indicted Roberts in Case No. CR 483914 on two counts of drug trafficking with a schoolyard specification, two counts of drug possession, and one count of possessing criminal tools.  The court consolidated the two cases.  On July 31, 2006, Roberts pleaded guilty to two counts of drug trafficking, two counts of drug possession, and two counts of possessing criminal tools.  The other counts were dismissed as *nolle prosequi.*  Roberts received an agreed sentence of six years on all counts.  Roberts did not timely appeal his conviction or sentence.

On November 7, 2006, Roberts moved in the trial court to withdraw his plea of guilty.  Roberts alleged that trial counsel had been ineffective for failing to conduct a pre-trial investigation of all charges in Case. No. CR 480193 and that the court had failed to obtain and file a signed waiver of a jury trial.  The trial court denied Roberts' motion on November 21, 2006 without opinion.

On December 12, 2006, Roberts moved in the state appellate court pursuant to Ohio

2

App. R. 5(A) ("R. 5(A)") for leave to file a delayed appeal.  Roberts argued that he should

be allowed to file a delayed appeal because the trial court and his attorney failed to inform

him of his right to appeal and his appellate counsel was ineffective for failing to object to

the trial court's failure to inform him fully of his rights.  The state appellate court denied

without opinion Roberts' motion for leave to file a delayed appeal on January 24, 2007.

On March 9, 2007, Roberts filed in the Ohio Supreme Court a notice of appeal of the

state appellate court's decision.  In his memorandum in support of jurisdiction, Roberts

asserted two propositions of law:

> Proposition of Law No. I:  In the absence of evidence in the record that the court
> informed an indigent defendant of his right to direct appeal from his conviction and
> his right to court-appointed counsel for appeal prior to the expiration of time for
> which appeal could be taken, court of appeals was required to make a factual
> determination before it dismissed motion for leave to appeal.

> Proposition of Law No. II:  Appellant was denied effective assistance of counsel
> when trial counsel failed to inform appellant of his limited right to appeal pursuant
> to Crim.R. 32, in violation of appellant's Fifth, Sixth and Fourteenth Amendment
> rights.

On June 20, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the

appeal as not involving any substantial constitutional question.

On February 21, 2007, Roberts moved again in the state appellate court for leave

to file a delayed appeal.  He cited as grounds for allowing the delayed appeal the failure

of the court and his attorney to inform him of his right to appeal.  On March 27, 2007, the

state appellate court *sua sponte* dismissed Roberts' motion without opinion.

On October 15, 2007, Roberts moved in the Ohio Supreme Court for leave to file a

delayed appeal of the state appellate court's denial of his second motion for a delayed

appeal.  On December 12, 2007, the Ohio Supreme Court denied leave to appeal and

3

dismissed the appeal as not involving any substantial constitutional question.

On February 21, 2007 Roberts filed in the trial court a petition for postconviction relief pursuant to Ohio Rev. Code § 2953.21 ("§ 2953.21").  Roberts alleged that he had received ineffective assistance of trial counsel when counsel failed to conduct pretrial discovery, failed properly to assert Roberts' Fourth Amendment claims, failed to move for a Bill of Particulars, failed to move to suppress certain evidence, and waived a suppression hearing.  On March 22, 2007, the trial court denied Roberts' petition.  In its findings of fact and conclusions of law, the trial court found that Roberts' claims were barred by *res judicata* and had been waived by his voluntary, knowing, and intelligent plea of guilty.  The court also found that Roberts had failed to demonstrate a genuine issue of fact regarding trial counsel's alleged ineffectiveness.

On June 15, 2007, Roberts filed a notice of appeal of the trial court's denial of his petition for postconviction relief.  Roberts raised three assignments of error in his brief in support of his appeal:

First assignment of error

The trial court erred by strictly applying the doctrine of res judicata to defendant-appellant's petition for post-conviction relief and thus, violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution and Article 1, section 10 of the Ohio Constitution.

Second assignment of error

The trial court erred to the prejudice of defendant-appellant when it failed to base its ruling on the facts in the record.

Third assignment of error

Appellant was denied effective assistance of counsel in violation of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, section 10 of the Ohio Constitution.

4

On May 27, 2008, the state appellate court found Roberts' first and third assignments of error to be barred by *res judicata* and found his second assignment of error to be without merit.

On July 7, 2008, Roberts filed a notice of appeal of the state appellate court's decision in the Ohio Supreme Court.  In his memorandum in support of jurisdiction, Roberts asserted three propositions of law:

> Proposition of Law No. I:  As long as no direct appeal was taken, or the claim of incompetent counsel was not raised and adjudicated on a direct appeal, res judicata does not bar the application of that issue on postconviction proceedings.

> Proposition of Law No. II:  Defense counsel has duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process as guaranteed by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10, 14, and 16 of the Ohio Constitution.

> Proposition of Law No. III:  The suppression by the prosecution of evidence favorable to the accused violated Due Process where the evidence is material either to guilt or punishment, irrespective of any claim of good faith contrary to the express provisions contained and guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

On October 29, 2008 the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Roberts filed a petition for a writ of habeas corpus in this court on June 18, 2008.

Roberts's amended petition[1] in Case No. 1:08-cv-01473 asserted five grounds for relief:

> Ground one:  Petitioner was denied due process and equal protection of the law, when the trial court did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.

> Ground two:  Appellant was denied effective assistance of counsel when trial

---

[1]  The court permitted Roberts to amend his petition to add three additional claims upon exhaustion of state remedies for those claims.

5

counsel failed to inform petitioner of his limited right to appeal in violation of the Sixth Amendment of the United States Constitution.

Ground three:  Contrary to the Fourth Amendment, made applicable to the states by the Fourteenth Amendment prohibiting police from making warrantless and nonconsensual entry into a subject's home, the police herein with reckless disregard of the constitutional mandate conducted a warrantless arrest, search, and seizure without probable cause or exigent circumstances.

Ground four:  Defense counsel failed to bring to bear the necessary skill and knowledge to render the trial a reliable adversarial testing process as guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

Ground five:  The suppression of evidence by the prosecution favorable to the accused violates due process of law where the evidence is material either to guilt or punishment, irrespective of any claim of good faith contrary to the express provisions contained and guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

On June 3, 2009, this court dismissed Roberts' second, third, fourth, and fifth grounds for relief but granted relief on his first ground for relief.  The federal court directed that the state appellate court must grant Roberts leave to file a delayed appeal within 90 days or release him from custody.

On July 1, 2009, the state appellate court granted respondent's motion for a delayed appeal of Roberts' claims pursuant to R. 5(A).  On July 29, 2009, respondent filed in Case No. 1:08-cv-01473 a notice that state court proceedings had been reopened.  On February 23, 2010, Roberts filed a motion seeking enforcement of the court's order granting conditional habeas relief.  He sought an unconditional writ of habeas corpus, a sentence reduction proportional to the delay that he had experienced, or an order requiring his release unless the state court heard his appeal within a reasonable time.  The federal court denied this motion on August 19, 2011.

In the state appellate court on delayed appeal, Roberts asserted the following

6

assignments of error:

First Assignment of Error:

Appellant's rights were violated by law enforcement officials of the Cleveland Police Department and Cuyahoga County Sheriff's Department in Case No. CR-06-480193; and the Broadview Heights Police Department in Case No. CR-06-483914 in violation of the Fourth, and Fourteenth Amendments to the United States Constitution, and Article One, Section 14 of the Ohio State Constitution.

Second Assignment of Error:

Appellant was deprived fo his right to the effective assistance of trial counsel in contravention of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article One, Section 14 of the Ohio State Constitution.

Third Assignment of Error:

The State, by and through its prosecuting attorney exercised prosecutorial misconduct and failed to disclose exculpatory evidence prior to trial violating Appellant's right to due process as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Sections 10, and 16, Article I of the Ohio Constitution.

Fourth Assignment of Error:

The trial court erred in accepting Appellant's plea of guilty, as it was not entered knowingly, intelligently, and voluntarily pursuant to the requirements of Ohio Crim. R. 11 regarding the nature of the charges.

(Punctuation in the original.) On July 15, 2010, the state appellate court found that Roberts had waived all assignments of error arising from events occurring prior to his guilty plea by pleading guilty. Consequently, the state appellate court overruled Roberts' first three assignments of error as waived. The court also found that Roberts' guilty pleas had been made knowingly, intelligently, and voluntarily and that the trial judge substantially complied with the statutory guidelines for accepting a guilty plea. The court then overruled Roberts' fourth assignment of error as without merit.

7

Roberts timely filed a notice of appeal to the Ohio Supreme Court.  In his memorandum in support of jurisdiction, Roberts asserted four propositions of law:

Proposition of Law No. 1:

Appellant's Fourth and Fourteenth Amendment rights to the United States Constitution and  and Article One, Section 14 of the Ohio State Constitution were violated by law enforcement officials of the Cleveland Police Department in Case No. CR-06-480193; and the Broadview Heights Police Department in Case No. CR-06-483914.

Proposition of Law No. 2:

Appellant was deprived of his right to the effective assistance of counsel in contravention of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article One, Section 14 of the Ohio State Constitution.

Proposition of Law No. 3:

The State, by and through its prosecuting attorney exercised prosecutorial misconduct and failed to disclose exculpatory evidence prior to trial violating Appellant's right to due process as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Sections 10, and 16, Article One of the Ohio Constitution.

Proposition of Law No. 4:

The trial court erred in accepting Appellant's plea of guilty, as it was not entered knowingly, intelligently, and voluntarily pursuant to the requirements of Ohio Crim. R. 11 regarding the nature of the charges.

(Punctuation in the original.)  On October 12, 2010, the Ohio Supreme Court denied Roberts leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

On March 2, 2010, Roberts filed a second petition for postconviction relief.  In his petition, he asserted three claims for relief:

Claim Number One:

8

Petitioner argues that he was deprived of his right to the effective assistance of trial counsel in contravention of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article One, Section 10 and 14 of the Ohio State Constitution.

Claim Number Two:

Petitioner argues that he was deprived of his right to be free of an unreasonable arrest, search, and seizure in contravention of the Fourth, and Fourteenth Amendments to the United States Constitution, and Article One, Section 14, of the Ohio State Constitution.

Claim Number Three:

Petitioner's rights were violated by and through the State's prosecuting attorney in the exercise of prosecutorial misconduct when it failed to disclose exculpatory evidence prior to trial violating Petitioner's right to Due Process guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10, and 16 of the Ohio State Constitution.

On July 15, 2010, the trial court denied Roberts' petition as untimely and barred by *res judicata*.

Roberts timely appealed to the state appellate court the trial court's denial of his petition for postconviction relief.  Roberts asserted three assignments of error in his merit brief:

Assignment of Error I: The trial court erred and committed an abuse of discretion to the substantial prejudice of the Appellant when the trial court held the petition for post-conviction relief was filed untimely, without a determination as to whether he was unavoidably prevented from discovering the facts which were presented in the petition under R.C. § 2953.23(A)(1)(a) & (b).

Assignment of Error II: The trial court violated Appellant's due process rights and abused its discretion to the substantial prejudice of the Appellant in denying his petition for post-conviction relief on the basis of res judicata.

Assignment of Error III: The trial court erred to the substantial prejudice of the Appellant when it failed to conduct an evidentiary hearing on his petition for post-conviction relief.

9

Notice of Filing, Doc. No. 15, Exh. 1, p. ii. On May 26, 2011, the state appellate court affirmed the judgment of the trial court and dismissed Roberts' appeal. There is no indication in the record as to whether Roberts appealed this decision to the Ohio Supreme Court.

Roberts filed in this court a second petition for a federal writ of habeas corpus on November 16, 2010. Roberts asserts four ground for relief in his petition:

Ground one: Contrary to the Fourth Amendment, made applicable to the States by the Fourteenth Amendment prohibiting police from making warrantless and nonconsensual entry into a suspect's home, the police herein with reckless disregard of the constitutional mandate conducted a warrantless arrest, search and seizure without probable cause or exigent circumstance.

Ground two: Petitioner was deprived of his right to the effective assistance of trial counsel in contravention of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Ground three: The prosecution suppressed evidence favorable to the accused in violation of his rights to due process of law, where the evidence withheld is material to his guilt and punishment, contrary to the express provisions contained in and guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Ground four: The trial court accepted Petitioner's guilty plea, in spite of it not being entered knowingly, intelligently, and voluntarily pursuant to the requirements of Crim. R. 11, as it regards the nature of the charges.

Respondent filed a Return of Writ/Answer on March 25, 2011. Doc. No. 11. On the same day, respondent also moved to transfer the petition as a second or successive petition. On March 30, 2011, Roberts moved to stay the proceedings and hold them in abeyance while he exhausted his state remedies. Roberts filed a Traverse on July 25, 2011. Doc. No. 21. Roberts then filed a motion to expand the record on August 11, 2011.

On October 10, 2011, Roberts filed a "Notice of Intent to file an Amended Petition." Doc. No. 26. According to Roberts, he had not been able to file a proper petition because

10

of lack of access to the prison law library.  The court construed this as a motion to amend.  The court granted the motion and gave Roberts until October 28, 2011 to file an amendment and later extended this deadline until November 10, 2011.  Roberts failed to file an amended petition.  Instead, he filed a "Supplemental Memorandum in Support" ("Supplement") on November 18, 2011.  In the Supplement, Roberts reasserts his first three grounds for relief in his habeas petition:  ineffective assistance of trial counsel, unreasonable search and seizure; and prosecutorial misconduct.  These were respectively denominated as Roberts' fifth, sixth, and seventh claims for relief.  The Supplement also attacks alleged constitutional violations related to his petition for postconviction relief.

All pending motions have been fully briefed.  Thus, all matters pending before the court are ready for decision.

II

*A. Jurisdiction*

*1.    Geographic jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Roberts.  Roberts filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Cuyahoga County is within this court's geographic jurisdiction.

11

This court has geographic jurisdiction over Roberts' petition.

2.      *Subject matter jurisdiction and second or successive petition*

Respondent contends, however, that the court lacks subject matter jurisdiction because Roberts' petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(a) & (b) ("§ 2244").  Section 2244 provides in relevant part as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The failure of a petitioner to obtain permission from the circuit court before filing a second or successive petition in the district court deprives the district court of jurisdiction to consider the case.  *Burton v. Stewart*, 549 U.S. 147, 149, 157 (2007).

12

The phrase "second or successive petition" is a term of art that is defined by the habeas opinions of the Supreme Court.  *Slack v. McDaniel,* 529 U.S. 473, 486 (2000).  The mere fact that a petitioner has previously filed a petition pursuant to § 2254 does not necessarily mean that a subsequent petition filed pursuant to § 2254 is a "second or successive" petition.  *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (citing *Panetti v. Quarterman,* 551 U.S. 930, 944 (2007)); *see also In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

A subsequent petition filed pursuant to § 2254 is not a second or successive petition if it meets either of two criteria.  First, the petition is not a second or successive petition if the claims asserted in a subsequent petition were not ripe at the time an earlier petition was filed.  *See Stewart v. Martinez–Villareal,* 523 U.S. 637 (1998) (finding that when a second petition presents a claim identical to an unripe claim that had been included in an earlier petition, the court should treat both petitions as a single application for habeas relief), and *Panetti,* 551 U.S. at 942-44 (holding that a petition that presents a claim that had not been presented in an earlier petition but would have been unripe had it been presented is not a second or successive petition).  Second, a petition is not a second or successive petition if it attacks a court judgment that was not attacked in the previous petition.  *Magwood v. Patterson,* ___ U.S. ___, 130 S.Ct. 2788 (2010); *see also Storey v. Vasbinder*, ___ F.3d ___, 2011 WL 4336660, at *4 (6th Cir. Sept. 16, 2011).  If a petition is not a "second and successive petition" within the meaning of § 2244, then permission from the circuit court is not needed to file such a petition.  *See Stewart*, 523 U.S. at 642-44; *Panetti*, 551 U.S. at 945-46.

In the instant case, Roberts filed his first petition (the "First Petition") for a writ of

13

habeas corpus in this court on June 18, 2008.  Roberts asserted five grounds for relief in

his petition:

> Ground one:  Petitioner was denied due process and equal protection of the law, when the trial court did not inform him of his appellate rights, and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.

> Ground two:  Appellant was denied effective assistance of counsel when trial counsel failed to inform petitioner of his limited right to appeal in violation of the Sixth Amendment of the United States Constitution.

> Ground three:  Contrary to the Fourth Amendment, made applicable to the states by the Fourteenth Amendment prohibiting police from making warrantless and nonconsensual entry into a subject's home, the police herein with reckless disregard of the constitutional mandate conducted a warrantless arrest, search, and seizure without probable cause or exigent circumstances.

> Ground four:  Defense counsel failed to bring to bear the necessary skill and knowledge to render the trial a reliable adversarial testing process as guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

> Ground five:  The suppression of evidence by the prosecution favorable to the accused violates due process of law where the evidence is material either to guilt or punishment, irrespective of any claim of good faith contrary to the express provisions contained and guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

The court dismissed Roberts' second, third, fourth, and fifth grounds for relief and granted

relief on his first ground for relief.

Roberts filed the present petition (the "Second Petition") on November 16, 2010.  He

asserts four ground for relief in this petition:

> Ground one:  Contrary to the Fourth Amendment, made applicable to the States by the Fourteenth Amendment prohibiting police from making warrantless and nonconsensual entry into a suspect's home, the police herein with reckless disregard of the constitutional mandate conducted a warrantless arrest, search and seizure without probable cause or exigent circumstance.

> Ground two: Petitioner was deprived of his right to the effective assistance of trial counsel in contravention of the Fourth, Fifth, Sixth, and Fourteenth Amendments to

14

the United States Constitution.

Ground three: The prosecution suppressed evidence favorable to the accused in violation of his rights to due process of law, where the evidence withheld is material to his guilt and punishment, contrary to the express provisions contained in and guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Ground four: The trial court accepted Petitioner's guilty plea, in spite of it not being entered knowingly, intelligently, and voluntarily pursuant to the requirements of Crim. R. 11, as it regards the nature of the charges.

The first three grounds for relief are restated and amplified in Roberts' Supplement.

Both petitions addressed the judgments entered in the consolidation of Case Nos. CR 480193 and CR 483914. Grounds three, four, and five of the First Petition correspond to grounds one, two, and three of the Second Petition. Both attack the same judgment, and the court dismissed those three grounds as procedurally defaulted in adjudicating the First Petition. Roberts has not attempted to appeal that decision. Consequently, these claims, as stated in Roberts' petition and as restated in his Supplement, constitute a second or successive petition, and this court is without jurisdiction to consider them. Roberts may not again raise these claims in a habeas petition except by permission of the Sixth Circuit court. This court may not merely dismiss these claims; they must be transferred to the Sixth Circuit. *See In re Sims*, 111 F.3d 45 (6th Cir. 1997).

The Second Petition adds a fourth ground for relief, a claim that Roberts' guilty plea was not made knowingly, intelligently, and voluntarily. This claim attacks the same judgments as were attacked in the first petition. Thus, if this ground were ripe at the time of the first petition, then all claims in the current petition constitute a second and successive petition.

Roberts' fourth ground for relief alleges that his plea was not knowingly, intelligently,

15

and voluntarily made because the court failed to inform him of the factual basis for the charges, including determination of the precise amounts of controlled substances involved, and the elements of each offense.  According to Roberts, the sentencing court erred because the failure to inform him of the precise nature of the charges violated Ohio Crim. R. 11.

Roberts could have raised this claim in a direct appeal but did not.  According to Roberts, he failed to file a timely notice of appeal because neither the court nor his attorney informed him of his right to appeal.  Roberts then filed a motion for leave to file a delayed appeal based on the failure of the court to notify him of his appellate rights.  The state appellate court denied this motion, and the Ohio Supreme Court declined jurisdiction to review that judgment.  Upon reviewing Roberts' first petition for habeas relief, this court directed the state courts to grant Roberts a delayed appeal because the state courts' failure to grant a delayed appeal denied Roberts due process, as defined by Supreme Court precedent.

The state courts' failure to grant Roberts an appeal denied Roberts an opportunity to exhaust his claim before raising the claim in this court.  This court's order to grant Roberts a delayed appeal was, in effect, an order to allow Roberts to exhaust his state court remedies before raising the claim in a petition for habeas relief.

Because this claim was not presented in an earlier petition and would have been unripe had it been presented, it is not a second or successive petition within the meaning of § 2244.  *Panetti,* 551 U.S. at 945-46.  "The statutory bar on 'second or successive' applications does not apply to a . . . claim brought in an application filed when the claim is first ripe."  *Panetti,* 551 U.S. at 947.  Roberts' fourth ground for relief, therefore, is not

16

prohibited by the bar against a second or successive claim for relief.  Moreover, because the claim is not part of a "second and successive petition" within the meaning of § 2244, permission from the Sixth Circuit is not needed to raise the claim.  *Stewart*, 523 U.S. at 642-44; *Panetti*, 551 U.S. at 945-46.

In sum, the court is without jurisdiction to consider Roberts' first three claims for relief because they are outside this court's subject matter jurisdiction.  Consequently, respondent's motion to transfer these claims to the Sixth Circuit as a second or successive petition should be granted.

Roberts' fourth claim for relief, however, is not prohibited by the bar against second or successive petitions and should not be transferred.  Three cases lead to the conclusion that this claim should not be transferred.  First, the Supreme Court has held that a claim which would have been dismissed as premature had it been raised in an initial petition "should be treated in the same manner as the claim of a petitioner who returns to a federal habeas court after exhausting state remedies."[2]  *Stewart*, 523 U.S. at 644.  That is, the district court should consider the merits of the claim.  *See Rhines v. Weber*, 544 U.S. 269 (2005).  Second, a claim which is not a "second or successive petition" because it was unripe at the time of the first petition does not need the permission of the circuit court to be raised in the district court.  *In re Jones*, 652 F.3d 603 (6th Cir. 2010).  Third, if one claim which is not a "second or successive petition" and another claim which *is* a "second or successive petition" are sent to the circuit court, the circuit court will remand the claim

---

[2]  This is because, from a theoretical point of view, a previously unripe claim raised in a numerically second petition is considered to be part of the first petition.  *See discussion in Stewart,* 523 U.S. at 639-45.

17

which is not a "second or successive petition" to the district court as not requiring the circuit court's permission to proceed.  *In re Salem*, 631 F.3d 809 (6th Cir. 2011).  As this court should treat Roberts' fourth ground for relief as a claim for habeas relief which has returned to federal court after exhausting state remedies, and as Roberts does not need the permission of the Sixth Circuit to raise this claim here, and as the Sixth Circuit will merely remand the claim to this court if it is transferred to the Sixth Circuit, this claim should not be transferred to the Sixth Circuit.  Thus, respondent's motion to transfer should be denied as to Roberts' fourth ground for relief, and the court should consider this claim on the merits.

> 2.  *Non-cognizability of alleged constitutional violations on collateral review*

The Supplement complains of constitutional errors during adjudication of Roberts' application for postconviction relief, although Roberts does not identify these complaints as separate grounds for relief.  As respondent correctly notes, to the extent that Roberts seeks habeas relief based on alleged constitutional violations related to his application for postconviction relief, such claims are not cognizable in federal habeas proceedings.  It is a "long held view that alleged constitutional errors during collateral attack of a state court conviction cannot be grounds for issuance of a writ of habeas corpus."  *Post v. Bradshaw*, 422 F.3d 419, 429 (6th Cir. 2005) (Cole, J., dissenting).  Postconviction relief pursuant to Ohio Rev. Code § 2953.21 is a form of collateral relief.  *See discussion in Morgan v. Eads*, 104 Ohio St. 3d 142, 143-47, 818 N.E.2d 1157, 1159-61 (2004).  Consequently, alleged constitutional errors related to Roberts' application for postconviction relief are not cognizable in habeas proceedings.

> 3.  *Non-cognizability and ground four*

18

Respondent contends that Roberts' fourth ground for relief is not within the court's subject matter jurisdiction because it asserts a claim that is not cognizable in federal habeas proceedings.

Roberts' petition primarily relies on Ohio caselaw and an alleged violation of Ohio Crim. R. 11 to establish that his guilty plea was not knowing, intelligent, and voluntary.  He also, however, quotes the Sixth Circuit as follows:

> [Rule 11(c)(1)] expressly requires that the defendant be told the "nature of the charge."  When a defendant pleads guilty, that defendant is admitting "all the elements of a formal criminal charge," *see McCarthy* [*v. United States*], 394 U.S. [459,] at 466, 89 S.Ct. at 1171 [1992], and so must have knowledge of all those elements.

Whether reliance Ohio Crim. R. 11 and caselaw addressing that rule is sufficient to support a federal claim is not the issue at this point.  All that is asked in the context of subject matter jurisdiction is whether the petitioner raises a claim cognizable in habeas proceedings.

Federal courts have long recognized that the pleadings of a *pro se* litigant must be construed liberally.  *See e.g. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) ([P]ro se pleadings should be construed more liberally than pleadings drafted by lawyers.").  Thus, even though Roberts misuses *McCarthy*, a case addressing a failure to fulfill the requirements of Fed. Crim. R. 11, his citation of that case is sufficient, in the context of a petition pursuant to § 2254, to assert a claim that his guilty plea was unconstitutional because it was not knowing, intelligent, and voluntary.  Such a claim is cognizable in federal habeas proceedings.

B.     *Evidentiary hearing and admission of additional evidence*

19

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Roberts's claims involve legal issues which can be independently resolved without additional factual inquiry.

Roberts moves to expand the record pursuant to Fed. Habeas Rule 7.  The evidentiary material which Roberts seeks to introduce, however, is related to Roberts' first three grounds for relief.  As these grounds must be transferred to the Sixth Circuit because this court is without jurisdiction to consider them, Roberts' motion to introduce evidentiary material related to those motions is moot.  Consequently, Roberts' motion to expand the record should be denied.

## C.    Exhaustion of state remedies

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*,

20

794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted). Because exhaustion is a matter of comity, a petition containing unexhausted claims may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Roberts has no state remedies available for his remaining claim. Because no state remedies remain available to him, Roberts has exhausted state remedies. As Roberts has exhausted his state remedies for the only claim remaining to him, his motion to stay the case and hold it in abeyance until he has exhausted state remedies is moot. For this reason, Roberts' motion to stay should be denied.

D.    *Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v.*

21

*Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982).  Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue.  *See McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

If the state argues that a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction.  . . . Third, the court must decide whether the state procedural forfeiture is an  "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

Respondent does not contend that Roberts has procedurally defaulted his fourth ground for relief.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as

23

determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.* at 405-06.  "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases."  *Id.* at 405.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).  The court will examine Roberts' remaining ground for relief using the deferential standard applied to state court rulings on the petitioner's claims.

Roberts argues in his fourth ground for relief that his guilty plea was not knowingly, intelligently, and voluntarily made because the court failed to inform him of the factual basis for the charges, including determination of the precise amounts of controlled substances involved, and the elements of each offense.   According to Roberts, the sentencing court erred because the failure to inform him of the precise nature of the charges violated Ohio Crim. R. 11.  Consequently, Roberts concludes, his guilty plea was not knowing, intelligent, and voluntary.

Accepting a plea of guilty without ensuring that a defendant is competent to plead guilty, understands the consequences of pleading guilty, and understands the nature of the crime of which he is accused is a violation of due process.  Thus, a plea of guilty is constitutionally valid only to the extent that it is voluntary and intelligent.  *Brady v. United*

24

*States*, 397 U.S. 742, 748 (1970).

The standard used in determining whether a defendant is competent to enter a guilty plea is the "competency-to-stand-trial" standard of whether defendant has a rational and factual understanding of the proceedings and is capable of assisting his counsel. *Godinez v. Moran*, 509 U.S. 389, 399 (1993). "[A] competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993). There is no obvious ground on which to challenge competency to stand trial in the record of the instant case.

A competent plea also requires that defendant understand the direct consequences which will result from making the guilty plea. A defendant is presumed to have been fully aware of the direct consequences of a guilty plea if these have been explained at the time of sentencing and the defendant stated that they were understood:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

*Marshall v. Lonberger*, 459 U.S. 422, 436 (1983) (quoting *Henderson v. Morgan*, 426 U.S. at 647). The direct consequences of a plea include the possible sentences a defendant may receive and the rights he foregoes by pleading guilty, including the Fifth Amendment privilege against self-incrimination, the Sixth Amendment right to confront one's accusers, and the Sixth Amendment right to trial by jury. *United States v. Ruiz*, 536 U.S. 622, 628-29 (2002).

A plea is intelligent only when a criminal defendant first receives "real notice of the

true nature of the charge against him, the first and most universally recognized requirement of due process." *Smith v. O'Grady*, 312 U.S. 329 (1941).  If a defendant has been provided a copy of his indictment before pleading guilty, that is sufficient to create a presumption that the defendant was informed of the nature of the charge against him.  *Henderson v. Morgan*, 426 U.S. 637 (1976).

The state has the burden of showing that a defendant's guilty plea was knowing and voluntary.  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  The state usually carries this burden by producing a transcript of the plea colloquy.  *Id.*  If a state court finds that the plea was knowing and intelligent, this court must accord that finding a presumption of correctness, rebuttable only by clear and convincing evidence.  *Id.* at 326=27.

The state appellate court hearing Roberts' delayed appeal wrote the following in affirming the validity of Roberts' guilty plea:

> On July 28, 2006, only seven days after the second indictment was issued, the State presented defendant and his counsel with alternative plea offers described as a package deal that would resolve both cases.  The terms of the plea agreement defendant ultimately selected provided he would plead guilty to three counts from each case and would receive in exchange an agreed sentence of six years mandatory time. Defense counsel indicated that he had "an extensive conversation with both the prosecutor and [defendant]" and said, "I believe [defendant] fully understands what the offers are.  He understands that his case was scheduled for trial earlier this week, and that, at some point, the case would be given another trial date, and I believe he understands that he will be coming back to court on Monday morning, and for another pretrial."

> {¶ 3} The trial court then explained to defendant his constitutional rights and the maximum penalties he faced on each count in the event he was found guilty at trial. The court then reviewed the two plea options presented to defendant and informed him that he would be subject to mandatory prison time under either option.  The trial court specifically advised defendant that he could decline any plea offer and the matters would be set for trial on the indictments.

> {¶ 4} On July 31, 2006, the trial court conducted a plea hearing. Defendant pled guilty to two counts of drug trafficking, felonies of the third degree; two counts of

26

drug possession, felonies of the fourth and fifth degree; and two counts of possession of criminal tools, felonies of the fifth degree.  The remaining counts in both cases were nolled and the parties agreed to a prison sentence of six years.

{¶ 5} Defense counsel said he had long conversations with his client and that defendant was fully aware of his constitutional and statutory rights.  Counsel further stated that "no threats or promises" were made "in order to reach this plea" and counsel believed defendant was entering into the plea freely and voluntarily.

{¶ 6} The judge then informed defendant she would make further inquiry of him to ensure his pleas would be a "knowing and intelligent act on [his] behalf."  Defendant was instructed to inform the judge if he did not understand something or if he did not wish to proceed.  Defendant affirmed that he understood.  Defendant denied any threats or promises being made in order to induce his plea.  He said he was satisfied with his attorney.  He understood that the drug-related convictions required mandatory suspension of his driver's license for a period of time.  Defendant told the court his education included two years of college.  He had no difficulty reading or writing the English language.  He said he was not under the influence of any drugs or alcohol and he had not taken any medication that would affect his judgment.

{¶ 7} The trial court again explained defendant's constitutional rights, which defendant said he understood.  Defendant said he understood that by entering his pleas he was "waiving [his] trial rights and [he was] admitting to the truth of the charge to which [he was] pleading."  The court reviewed the potential penalties of the offenses, including that some convictions would require a mandatory prison sentence.  Defendant said he understood he would be ineligible for judicial release and community control, which was described as probation.  Defendant was advised of the mandatory fine.  Defendant was advised of postrelease control.  Defendant acknowledged his understanding of the nature of the charges, the possible penalties (maximum and mandatory requirements), and postrelease control.

{¶ 8} The defendant repeated that he had not been threatened or promised anything other than what was stated in open court and on the record to induce his plea.

{¶ 9} The trial court, satisfied that defendant understood his constitutional rights, the nature of the charges, the effect of the plea, and the maximum and mandatory terms that may be imposed, found defendant was entering the pleas knowingly, intelligently, and voluntarily.

                    *                *                *                *                *

{¶ 27} Accordingly, we find that defendant's guilty pleas were offered knowingly, intelligently, and voluntarily and that the trial judge substantially complied with the statutory guidelines for accepting a guilty plea.

*State v. Roberts*, Slip Copy, 2010 WL 2783691, at *1-*2, *5 (Ohio App. July 15, 2010) (footnote omitted).

Roberts contends that his guilty plea was not knowing, intelligent, and voluntary because the court did not review the elements of each offense.[3] The indictments in the record specify the nature of the charges against Roberts and the sections of the Ohio Rev. Code at which a description of each offense may be found. Return of Write/Answer, Exh. 1. Roberts does not argue that he failed to receive copies of his indictments, and Roberts was represented by counsel. When the court asked Roberts if he understood the nature of the charges against him, he said that he did. Transcript of Proceedings, Answer, Exh. 41, pp. 12-13. These facts, by themselves, are sufficient to establish that Roberts understood the nature of the charges against him, even if this court were not required to accord a presumption of correctness to the trial and state appellate courts' findings that Roberts understood the nature of the charges against him.

Roberts' arguments go astray for two reasons. First, he confuses Ohio's Crim. R. 11 with the Federal Crim. R. 11. A guilty plea in a federal criminal case must meet the requirements of Fed. Crim. R. 11, and federal caselaw addressing that rule is applicable to such a guilty plea. A guilty plea in an Ohio criminal case, however, must meet the requirements of Ohio Crim. R. 11. Federal Crim. R. 11 and federal caselaw addressing that rule is *not* applicable to such a guilty plea. Thus, such cases as *United States v.*

---

[3] In his traverse, Roberts also argues that his guilty plea was not knowing and voluntary because the prosecutor did not reveal exculpatory evidence and represented that there had been full and fair discovery. As this argument was not made in Roberts' petition and respondent did not have an opportunity to respond to it, the court will not address this claim.

*McCreary-Redd*, 475 F.3d 718 (6th Cir. 2007); *United States v. Syal*, 963 F.2d 900 (6th Cir. 1992); and *McCarthy v. United States*, 394 U.S. 459 (1969), do not apply to Roberts' case, as they address the requirements of Fed. Crim. R. 11.  The only federal law generally applicable to Ohio Crim. R. 11 in a habeas petition is federal constitutional law.  The more stringent requirements of Fed. Crim. R. 11 are not applicable to Ohio Crim. R. 11.

Second, Roberts' argument that the court committed errors pursuant to state law is not well-taken, as the issue before this court is the constitutionality of his guilty plea.  Even if Roberts' guilty plea were not knowing and intelligent by the standards of Ohio Crim R. 11, this would be insufficient to obtain habeas relief.  To obtain habeas relief, a petitioner must demonstrate that his guilty plea was not knowing and intelligent according to the standards of federal due process.  As described above, those standards are more lenient than the standards governing Ohio Crim. R. 11.

Roberts offers no evidence that the trial court or the state appellate court erred in finding that his guilty plea was knowing and intelligent.  As Roberts has failed to overcome by clear and convincing evidence the state courts' finding that he understood the nature of the charges against him, his fourth ground for relief should be denied as without merit.

IV.

For the reasons given above, respondent's motion to transfer the petition should be GRANTED as to claims one, two, and three but DENIED as to claim four.  Roberts' motion to hold the case in abeyance and his motion to expand the record should both be DENIED as moot.  Finally, the claim remaining in Roberts' petition, claim four, should be DISMISSED as without merit.

Date:  December 21, 2011                    /s/ Nancy A. Vecchiarelli
                                            United States Magistrate Judge


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**