UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID W. ROBERTS, *Pro Se*, | ) | Case No.: 1:10 CV 2619 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| RICH GANSHEIMER, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Pending before the court is *Pro Se* Petitioner David W. Roberts's ("Petitioner" or "Roberts") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 4.) Petitioner also filed the following Motions: (1) Motion to Stay and Abey Petitioner's Habeas Corpus Proceedings (ECF No. 12); and (2) Motion to Expand the Record (ECF No. 22). Respondent Rich Gansheimer ("Respondent") filed a Motion to Transfer Petitioner's Second Habeas Petition to the Sixth Circuit Court of Appeals (ECF No. 10). This case was referred to Magistrate Judge Nancy A. Vecchiarelli (the "Magistrate Judge") for preparation of a Report and Recommendation ("R&R") on Roberts's Petition and the pending motions. The Magistrate Judge issued an R&R on December 21, 2011, recommending the following disposition of each pending motion: Respondent's Motion to Transfer should be granted as to Grounds One, Two, and Three, but denied as to Ground Four. Ground Four of Roberts's Petition should be dismissed as being without merit. The Magistrate Judge also found that Roberts's Motion to Stay should be denied, and his Motion to Expand the Record should be denied as moot. For the following reasons, the court denies as moot Roberts' Motions to Stay (ECF No. 12) and to Expand the Record (ECF No. 22). The court denies Ground Four of Roberts's

Petition for Writ of Habeas Corpus (ECF No. 4). The court does not have jurisdiction over the remaining grounds of relief because they constitute a second habeas petition. As such, the court grants in part and denies in part Respondent's Motion to Transfer (ECF No. 10). The court transfers the remaining grounds of the Petition to the Sixth Circuit Court of Appeals for consideration.

## I. PROCEDURAL HISTORY

Roberts was indicted by two separate grand juries for the following offenses: six counts of drug possession; four counts of drug trafficking; two counts of trafficking with a school yard specification; and two counts of possession of criminal tools. On July 31, 2006, Roberts pled guilty to two counts of drug trafficking, two counts of drug possession, and two counts of possession of criminal tools. The court imposed a sentence of six years for all counts, which the parties had negotiated as part of Roberts's plea agreement.

Roberts did not timely appeal his conviction, but on November 7, 2006, he requested the trial court to withdraw his guilty plea, alleging that his counsel failed to conduct a pretrial investigation of all of his charges, and the court failed to obtain and file a signed waiver of a jury trial. The trial court denied this request. Roberts, without counsel, thereafter requested leave to file a delayed appeal with the appellate court, arguing that the trial court failed to inform him of his right to appeal and his trial counsel failed to do so as well. The appellate court denied his request to file a delayed appeal without opinion, and the Supreme Court of Ohio denied leave to appeal. Again in February of 2007, Roberts reasserted a similar request for leave to file a delayed appeal with the state appellate court and thereafter the Ohio Supreme Court. Both courts summarily dismissed the appeals. Thereafter, Roberts filed a petition for post-conviction relief before the trial court. He alleged that he was entitled to relief because his trial counsel failed to conduct pretrial discovery,

-2-

to present his Fourth Amendment claims, to challenge the state's case, to file a motion for a Bill of Particulars, and to seek to suppress evidence seized illegally. The trial court, however, denied those claims, finding that *res judicata* barred his claims because those claims had not been raised at trial or on direct appeal. Additionally, the trial court found that, when Roberts voluntarily, knowingly, and intelligently entered a guilty plea, he waived any purported constitutional violation that occurred prior to entering that plea. Lastly, the court held that his ineffective assistance of counsel claims failed because he did not present sufficient evidence to support that claim.

Roberts timely appealed the decision of the trial court, arguing that *res judicata* was inapplicable to his case, the trial court failed to base its ruling on the facts in the record, and the court erred in determining that he was not denied effective assistance of counsel. The state appellate court rejected these arguments and denied his appeal. The Ohio Supreme Court also denied the appeal.

Next, Roberts filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in June 2008 ("Petition I") in this court. The Petition asserted five grounds for relief:[1]

> Ground 1: Petitioner was denied Due Process and Equal Protection of the law, when the trial court did not inform him of his appellate rights and his subsequent application for leave to file a delayed appeal was denied, in violation of the Fourteenth Amendment to the United States Constitution.
>
> Ground 2: Appellant was denied effective assistance of counsel when trial counsel failed to inform Petitioner of his limited right to appeal in violation of the Sixth Amendment of the United States Constitution.
>
> Ground 3: Contrary to the Fourth Amendment, made applicable to the States by the Fourteenth Amendment prohibiting police from making

---

[1] The court permitted Roberts to amend his Petition to add the final three grounds stated.

-3-

>   warrantless and nonconsensual entry into a suspect's home, the police herein with reckless disregard of the constitutional mandate conducted a warrantless arrest, search and seizure without probable cause or exigent circumstance.
>
>   Ground 4: Defense counsel failed to bring to bear the necessary skill and knowledge to render the trial a reliable adversarial testing process as guaranteed by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
>   Ground 5: The suppression of evidence by the Prosecution favorable to an accused violates due process of law where the evidence is material either to guilt or to punishment, irrespective of any claim of good faith contrary to the express provisions contained and guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

In addition to Petition I, Roberts also filed two Motions for Leave to Conduct Discovery, arguing that discovery was necessary to further support Grounds Two through Five of his Petition. The court denied Petitioner's Motions for Leave to Conduct Discovery, and granted Petitioner's relief on Ground One of his Petition, and ordered the state appellate court to grant Petitioner leave to file a delayed appeal within ninety days or release him from custody. The court denied Grounds Two through Five.

Petitioner then filed a motion for a delayed direct appeal in state court, which the state court granted in July 2009. In July 2010, the state court overruled each assignment of error, finding that when Petitioner pled guilty, he waived all assignments of error relating to events that arose before he entered his guilty plea. The court also found that Petitioner's guilty plea was made knowingly, intelligently, and voluntarily. Petitioner appealed the decision to the Ohio Supreme Court, which denied Roberts leave to appeal and dismissed the appeal.

In March 2010, Roberts filed a second petition for post-conviction relief with the trial court. He alleged that he was entitled to relief because his trial counsel failed to provide effective

assistance, that he was deprived of his right to be free from unreasonable arrest, search, and seizure, and that his right to Due Process was violated when the prosecuting attorney failed to disclose exculpatory evidence. The trial court denied his petition, finding that the petition was untimely and that *res judicata* barred his claims. He appealed the decision to the state appellate court. The state appellate court affirmed the trial court's decision and dismissed the appeal. The record does not indicate whether he appealed to the Ohio Supreme Court.

## II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Roberts filed the within Petition with this court, his second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in November 2010 ("Petition II"). The grounds asserted in the instant Petition are:

> Ground 1: Contrary to the Fourth Amendment, made applicable to the States by the Fourteenth Amendment prohibiting police from making warrantless and nonconsensual entry into a suspect's home, the police herein with reckless disregard of the constitutional mandate conducted a warrantless arrest, search and seizure without probable cause or exigent circumstance.
>
> Ground 2: Petitioner was deprived of his right to the effective assistance of trial counsel in contravention of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> Ground 3: The prosecution suppressed evidence favorable to the accused in violation of his rights to due process of law, where the evidence is material either to guilt and punishment, contrary to the express provisions contained and guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> Ground 4: The trial court accepted Petitioner's guilty plea, in spite of it not being entered knowingly, intelligently, and voluntarily pursuant to the requirements of Crim. R. 11, as it regards the nature of the charges.

Magistrate Judge Vecchiarelli concluded that, as to Grounds One through Three of Petition

II, the court does not have subject matter jurisdiction over the claims because they constitute a second or successive petition within the meaning of § 2244, and as such, the Petition must be transferred to the Sixth Circuit. (R&R at 15, ECF No. 33, citing *In re Sims*, 111 F.3d 45 (6th Cir. 1997).) She found that both Petition I and Petition II attack the same judgments. (R&R at 15, ECF No. 33.) She also found that Grounds Three, Four, and Five in Petition I were the same as Grounds One, Two, and Three in Petition II. (*Id.*) The Magistrate Judge determined that Grounds Three through Five of Petition I were previously adjudicated on the merits when the court dismissed those claims in Petition I, finding that Roberts waived the ability to seek relief on these claims when he entered a plea of guilty. (*Id.*) Consequently, she concluded that Grounds One through Three of Petition II should be construed as a second or successive habeas petition. (*Id.*)

The Magistrate Judge also found that Ground Four is not a second or successive habeas petition. Although Ground Four of Petition II attacks the same court judgments that Roberts attacked in Petition I, this claim was not ripe when Roberts filed Petition I. (*Id.* at 15–16.) Because the claim was not ripe when Roberts filed Petition I, Magistrate Judge Vecchiarelli determined that it is not a second or successive petition, and therefore, it should not be transferred to the Sixth Circuit with the other claims. (*Id.* at 16–18.) Thus, Ground Four could be adjudicated on the merits. Accordingly, Magistrate Judge Vecchiarelli concluded that Respondent's Motion to Transfer (ECF No. 10) should be granted in part and denied in part.

Before deciding the merits of Ground Four, the Magistrate Judge made the following findings and recommendations. Magistrate Judge Vechiarelli determined that, to the extent that Roberts's Petition alleges constitutional errors that occurred during the adjudication of his application for post-conviction relief, these errors are not cognizable in a federal habeas petition.

(R&R at 18, ECF No. 33.) Despite Respondent's arguments that the court did not have jurisdiction to review Ground Four because the claim is not cognizable in federal habeas proceedings, Magistrate Judge Vecchiarelli found that Ground Four is cognizable in this proceeding. (*Id.* at 19.) She also determined that Roberts had exhausted his state remedies; therefore, she recommended that the court deny as moot Roberts's Motion to Stay until he exhausted his state remedies. (*Id.* at 20–21.) Further, she concluded that, while evidentiary hearings are authorized in limited circumstances when the facts relevant to the claim were not adequately developed in the state court proceedings, Roberts's Petition does not warrant an evidentiary hearing, as Ground Four involves legal issues that the court can resolve without additional facts. (*Id.* at 20.) Roberts also moved to expand the record. (*Id.*) Magistrate Judge Vecchiarelli found that, because the evidence that Roberts seeks to introduce relates to the Grounds in Roberts's Petition that the court does not have the jurisdiction to hear, Roberts's Motion to Expand the Record should be denied as moot. (*Id.*)

Lastly, the Magistrate Judge concluded that the court should dismiss Ground Four of Petition II. Roberts argued that his guilty plea was not knowing, intelligent and voluntary because the court did not inform him of the factual basis for the charges in violation of Ohio Rules of Criminal Procedure, Rule 11 ("Ohio Criminal Rule 11"). In response, the Magistrate Judge notes that

> [t]he indictments in the record specify the nature of the charges against Roberts and the sections of the Ohio Rev. Code at which a description of each offense may be found. (citation omitted). Roberts does not argue that he failed to receive copies of his indictments, and Roberts was represented by counsel. When the court asked Roberts if he understood the nature of the charges against him, he said that he did. (citation omitted). These facts, by themselves, are sufficient to establish that Roberts understood the nature of the charges against him, even if this court were not required to accord a presumption of correctness to the trial and state appellate courts' findings that Roberts understood the nature of the charges against him.

(R&R at 28, ECF No. 33.) She determined that Roberts improperly relied on case law interpreting Federal Rules of Criminal Procedure, Rule 11, and to the extent Roberts relied on Ohio Criminal Rule 11, he could not maintain such a claim in a federal habeas petition. (*Id.* at 28–29.) She also determined that to obtain habeas relief, Roberts must show that his guilty plea was not entered into knowingly and intelligently such that it violated due process. She concluded that Roberts offered no evidence to support his claim; thus, he "failed to overcome by clear and convincing evidence the state courts' finding that he understood the nature of the charges against him." (*Id.*) Consequently, she recommended that Ground Four be denied as being without merit.(*Id.*)

Roberts submitted an Objection to the Magistrate Judge's R&R, in which he contends that her conclusions were erroneous with regard to his Petition and his Motion to Expand the Record.

### III. DISCUSSION

Roberts objects to the Magistrate Judge's determination that Grounds One through Three constitute a second or successive habeas petition. Roberts argues that Petition II should be treated as a supplement to Petition I because his filing of Petition I was due to the state court's error. Essentially he argues that if the state court did not enter his sentence without informing him of his appellate rights, then he would have filed a timely appeal and would not have had to seek habeas relief in this court to permit him to file a delayed appeal. If he did not have to seek habeas relief to permit his appeal, then he would not have brought the claims that are now being construed as a second or successive habeas petition before this court in an earlier petition. He also argues that the state court's denial of appellate review of his claims caused him to bring his claims to this court prematurely. He further argues that the procedural defaults on his claims should be excused for cause, prejudice, to prevent a miscarriage of justice, and to achieve the ends of justice and that

claims that were dismissed due to procedural defaults do not constitute a second or successive habeas petition when brought before the court again. Roberts's arguments are not well-taken.

First, his claims in Petition I were not brought prematurely. He had exhausted his state remedies, in regard to Grounds One through Three of Petition II when he brought Petition I. The court adjudicated those claims in Petition I on the merits. This court determined that he had waived his ability to argue the claims when he entered his guilty plea. Accordingly, Magistrate Judge Vecchiarelli correctly determined that Grounds One through Three of Petition II are second or successive within the meaning of § 2244, and this court is without jurisdiction to review the claims.

Because the court does not have jurisdiction over Grounds One through Three of Petition II, the court will not consider Roberts's Objections that go to the merits of his claims in Grounds One through Three. Also, since the court is without jurisdiction to hear these Grounds, and, as the Magistrate Judge determined, the evidence that Roberts wishes to add to the record goes to Grounds One through Three of Petition II, Roberts's Motion to Expand the Record is denied as moot. The court must not expand the record to add evidence on claims that it does not have jurisdiction to review.

The remaining Objections relate to Ground Four. Roberts objects to the Magistrate Judge's conclusion that he entered into his plea voluntarily, knowingly, and intelligently. As a preliminary matter, the court has construed Roberts's pleading to allege that the trial court accepted Petitioner's guilty plea, although it was not entered knowingly, intelligently, and voluntarily as required by federal law, not Ohio Criminal Rule 11. *See, e.g.*, *Brady v. United States*, 397 U.S. 742, 747–48 (1970); *Parke v. Raley*, 506 U.S. 20, 28–29 (1992) (holding that the requirement that a guilty plea must be knowing, intelligent, and voluntary is beyond dispute). He argues that neither his trial

-9-

counsel nor the trial court informed him of the nature and the elements of the offenses with which he was charged. He further argues that he never received the Indictment; consequently, he concludes that he did not enter his plea of guilty voluntarily, knowingly, and intelligently. While Roberts currently argues that he was not informed of the nature of the charges brought against him, this assertion flies in the face of the record of the plea colloquy.

Magistrate Judge Vecchiarelli relies on the appellate court's finding that Roberts affirmed on the record that he understood the nature of the charges brought against him in reaching her conclusion that Roberts voluntarily, knowingly, and intelligently entered his guilty plea. Although Magistrate Judge Vecchiarelli intimates that Roberts had received a copy of the Indictment, this court makes no finding on that issue. Regardless, the plea colloquy's transcript fully supports the state court's conclusion that Roberts plead guilty knowingly, intelligently, and voluntarily.

At the plea colloquy, the prosecuting attorney informed the court of the charges being brought against Roberts. (Tr. at 3–5, ECF No. 11-3, at 553–55.) The court later asked Roberts if he understood everything that has been stated thus far, to which he responded, "I do, Your Honor." (Tr. at 6, ECF No. 11-3, at 556.) Then, the court enumerated Roberts's constitutional rights as a criminal defendant and asked Roberts if he understood his rights, to which Roberts responded, "I do." (Tr. at 8–9, ECF No. 11-3, at 558–59.) Next, the court stated each offense that Roberts was being charged with, by its name, i.e. drug trafficking, drug possession, and possessing criminal tools. (Tr. at 9–13, ECF No. 11-3, at 559–63). The court further gave the felony classification for each offense and the maximum penalty for each offense, including fines and whether there was a mandatory sentence period. (*Id.*) Following that, the court asked Roberts: "Do you understand the nature of your charges, the possible penalties, meaning maximum and mandatory requirements, and

-10-

Post-Release control as I have stated them to you?." (Tr. at 12–13, ECF No. 11-3, at 562–63.) Roberts responded, "I do, Your Honor." (Tr. at 13, ECF No. 11-3, at 563.) The trial court then determined that Roberts's pleas will be made knowingly, intelligently, and voluntarily. (*Id.*) Finally, the court stated each charge in the Indictment, including naming the charging statute, and Roberts plead guilty to each. (Tr. 13–16, ECF No. 11-3, at 561–63.)

The state court's determination that Roberts made his plea knowingly, intelligently, and voluntarily is a factual finding. *Parke*, 506 U.S. at 35–36. The court must presume that the state court's factual findings are correct, and the presumption is only rebuttable by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Since the state court determined that Roberts's plea was made knowingly, intelligently, and voluntarily, and the transcript of the state proceeding supports this determination, this court presumes that the state court's determination was correct. *See* 28 U.S.C. § 2254(e)(1); *Garcia v. Johnson*, 991 F.2d 324, 326–27 (1993). Respondent has not presented clear and convincing evidence to rebut the presumption that his plea was made knowingly, voluntarily, and intelligently. Consequently, the court finds that the state's determination that Roberts's plea was made knowingly, voluntarily, and intelligently was not "contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). Further, the state court's decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See id.* at § 2254(d)(2). Consequently, all of Petitioner's Objections are without merit. The court denies Petitioner relief under Ground Four and dismisses the Petition, as it relates to Ground Four and denies Petitioner's Motion to Expand the Record.

Also, as of the date of this Order, Petitioner did not file any Objections to the Magistrate

Judge's recommendation regarding his Motion to Stay, and Respondent did not file any Objections to the Magistrate Judge's recommendation regarding his Motion to Transfer. By failing to do so, each party has waived the right to appeal the Magistrate Judge's recommendation regarding these Motions. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

## IV. CONCLUSION

The court finds, after a thorough *de novo* review of the Report and Recommendation and all relevant documents in the record, the following. The court adopts the Magistrate Judge's Report and Recommendation in full. (ECF No. 33.) The court denies as moot Roberts's Motion to Stay (ECF No. 12) and Roberts's Motion to Expand the Record (ECF No. 22). The court grants in part and denies in part Respondent's Motion to Transfer Petitioner's Second or Successive Habeas Petition to the Sixth Circuit Court of Appeals (ECF No. 10). Grounds One through Three of Roberts's Petition for Writ of Habeas Corpus (ECF No. 4) will be transferred to the Sixth Circuit for consideration. Ground Four of Roberts's Petition for a Writ of Habeas Corpus (ECF No. 4) is hereby denied, and final judgment is entered in favor of Respondent. Furthermore, the court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

    /s/SOLOMON OLIVER, JR.
    CHIEF JUDGE
    UNITED STATES DISTRICT COURT

March 29, 2012